UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

*FILED OCT 29 AM 10:20*
*CLERK SOUTHERN DISTRICT OF CALIFORNIA*
*BY: _____ DEPUTY*

'07 MJ 2535

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Docket No: |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| Esteban MOLINA-Villegas, | Title 8, U.S.C., Section 1326 |
| | Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **October 27, 2007** within the Southern District of California, defendant, **Esteban MOLINA-Villegas,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 29th DAY OF October, 2007

Louisa S. Porter
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Esteban MOLINA-Villegas

### PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On October 27, 2007, Senior Patrol Agent M. Wholton was assigned patrol duties west of the San Ysidro, California Port of Entry. At approximately 8:30 am, Agent Wholton inspected the grates of the W-8 sewage outlet tubes. W-8 is located adjacent to the United States/Mexico International Boundary, approximately two miles west of the San Ysidro, California Port of Entry. The W-8 sewage tubes have been used often by illegal aliens recently as a means to further their entry into the United States without being detected above ground. Upon inspection of the grates, Agent Wholton found fresh footprints leading to a large hole that had been cut in the grates. Senior Patrol Agent M. Rosales arrived on scene and also entered the sewage tubes via a manhole, approximately two hundred yards north of the border fence. Immediately after climbing down into the tubes, the Agents found two subjects attempting to conceal themselves in the dark. Agent Wholton identified himself as a Border Patrol Agent and questioned the subjects as to their immigration status. One of the subjects, later identified as the defendant **Esteban MOLINA-Villegas**, admitted to being a citizen and national of Mexico without any immigration documents to enter the United States lawfully. The defendant also admitted he intentionally entered the United States illegally by climbing into the tube approximately one half hour prior to being found. The defendant was arrested and transported to the Imperial Beach Border Patrol Station along with the other subject.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **July 5, 2007** through **Calexico, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant freely admitted to being a citizen and national of Mexico, and that he does not possess any immigration documents to enter or remain in the United States lawfully. The defendant stated that he entered into the United States in order to travel to Los Angeles, California.

**Executed on October 28, 2007 at 10:00 a.m.**

Terri L. Dimolios
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on October 27, 2007, in violation of Title 8, United States Code, Section 1326.

Louisa S. Porter
United States Magistrate Judge

10/28/07   2:30 p.m.
Date/Time

CONTINUATION OF COMPLAINT:
Esteban MOLINA-Villegas

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On October 27, 2007, Senior Patrol Agent M. Wholton was assigned patrol duties west of the San Ysidro, California Port of Entry. At approximately 8:30 am, Agent Wholton inspected the grates of the W-8 sewage outlet tubes. W-8 is located adjacent to the United States/Mexico International Boundary, approximately two miles west of the San Ysidro, California Port of Entry. The W-8 sewage tubes have been used often by illegal aliens recently as a means to further their entry into the United States without being detected above ground. Upon inspection of the grates, Agent Wholton found fresh footprints leading to a large hole that had been cut in the grates. Senior Patrol Agent M. Rosales arrived on scene and also entered the sewage tubes via a manhole, approximately two hundred yards north of the border fence. Immediately after climbing down into the tubes, the Agents found two subjects attempting to conceal themselves in the dark. Agent Wholton identified himself as a Border Patrol Agent and questioned the subjects as to their immigration status. One of the subjects, later identified as the defendant **Esteban MOLINA-Villegas**, admitted to being a citizen and national of Mexico without any immigration documents to enter the United States lawfully. The defendant also admitted he intentionally entered the United States illegally by climbing into the tube approximately one half hour prior to being found. The defendant was arrested and transported to the Imperial Beach Border Patrol Station along with the other subject.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **July 5, 2007** through **Calexico, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant freely admitted to being a citizen and national of Mexico, and that he does not possess any immigration documents to enter or remain in the United States lawfully. The defendant stated that he entered into the United States in order to travel to Los Angeles, California.

Executed on October 28, 2007 at 10:00 a.m.

Terri L. Dimolios
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on October 27, 2007, in violation of Title 8, United States Code, Section 1326.

Louisa S. Porter
United States Magistrate Judge

Date/Time: 10/28/07 2:30 p.m.